IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PETE McCOTRY, JR.                                                                                           PLAINTIFF

v.                              Civil No. 5:22-cv-05113

SHERIFF SHAWN HOLLOWAY,
Benton County, Arkansas;
LIEUTENANT DEREK STAMPS;
CAPTAIN HAROLD CAGE;
SERGEANT GREG HOBBELMAN;
CORRECTION OFFICER KEVIN MILLER;
CORRECTION OFFICER JESSE MOORE;
LIEUTENANT TYLER ROSS; and
CORRECTION OFFICER ETHAN PRICE                                            DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is currently before the Court on Plaintiff's failure to obey an order of the Court. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I.     DISCUSSION

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff initially filed this case in the Eastern District of Arkansas, and the case was transferred to this Court by Order (ECF No. 8) entered on June 9, 2022. Plaintiff was incarcerated in the Benton County Detention Center ("BCDC").

By Order (ECF No. 15) entered on June 14, 2022, Plaintiff was directed to file an amended complaint. The amended complaint was to be filed by July 5, 2022. Plaintiff was advised that if he failed to comply with the Order the case "shall be subject to dismissal."

1

On June 23, 2022, Plaintiff requested an extension of time to file his amended complaint. (ECF No. 17). The request for an extension was granted, and the due date for filing an amended complaint was extended to July 14, 2022. (ECF No. 18). When Plaintiff failed to file the amended complaint, a Show Cause Order (ECF No. 19) was entered. The response to the Show Cause Order was due by August 10, 2022. On July 29, 2022, Plaintiff filed a response in which he indicated he had prepared and put an amended complaint in the mail on June 28, 2022. (ECF No. 20). Because of this allegation, Plaintiff was given an extension of time until August 18, 2022, to file his amended complaint. (ECF No. 21).

On August 15, 2022, Plaintiff again asked for an extension of time to file his amended complaint. (ECF No. 22). The extension was granted, and Plaintiff was given until September 7, 2022, to file his amended complaint. (ECF No. 23).

To date, Plaintiff has not filed an amended complaint as ordered. Plaintiff has not sought another extension of time to comply with the Order. Plaintiff has not further communicated with the Court in anyway. On September 12, 2022, mail was returned to the Court as undeliverable with a notation Plaintiff was no longer at the BCDC.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE